633 F.2d 213
 81-2 USTC P 9780
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
American National Bank & Trust Co. of Chattanooga, et al.,
Plaintiffs-Appellants
v.
United States of America, Defendant-Appellee.
 78-1584.
 United States Court of Appeals, Sixth Circuit.
 October 1, 1980.
 
 1
 Before LIVELY, KEITH, Circuit Judges and LAMBROS, District Judge.*
 
 Order
 
 2
 This is a tax refund suit brought against the Internal Revenue Service (IRS) by the trustees of a trust. The trustees claimed that the IRS erroneously assessed a tax deficiency against the trust. The deficiency has been paid and the trustees then brought this refund action. The district court found in favor of the government and the trustees have appealed.
 
 
 3
 Under the Internal Revenue Code, 26 U.S.C. Sec. 661(a)(2) a trust does not have to pay taxes on money which it properly pays to the beneficiaries of the trust. In this case, a trust was established by a Mrs. Kathleen Robertson in July of 1951. Trustees of the Robinson trust deducted from the trust tax return certain payments that had been made by the trust in 1973 and 1974. The IRS claimed that these payments were not "properly paid" under the terms of the trust. Accordingly, the IRS claimed that the trustees could not deduct the amount of payments on the tax return. The issue that is presented, is thus one of state law. Did trustees of the Robertson trust properly pay certain amounts to certain beneficiaries?
 
 
 4
 Mrs. Robertson created the trust that is here in question in July of 1951. Mrs. Robertson was then married to Stanley Robertson. No children were born to that marriage, but Mrs. Robertson had two sons by a former marriage, Joseph and James Caldwell. Joseph died in July of 1951 shortly before the trust was created. Joseph left his entire estate to his mother under a will he executed in 1942. Shortly before he died, Joseph was in the process of having a new will drafted. From testimony in the district court, it appeared that Joseph intended to leave his estate in trust for the benefit of his mother and stepfather, Mr. and Mrs. Robertson during their life times. According to the testimony, Joseph also intended to make his brother James and James' four children the beneficiaries under the proposed trust. As indicated, however, Joseph died before writing a new will or settling up such a trust. However his mother, Mrs. Robertson, was aware of what Joseph had intended so she created the trust in July of 1951 in order to carry out her son's intentions.
 
 
 5
 The trust was hastily--and as the parties admit--poorly drafted. In relevant part, the trust provided as follows:
 
 
 6
 THIS AGREEMENT, made and entered into as of this the 19th day of July, 1951, between Mrs. Kathleen Pound Robertson, hereinafter called "Settlor," and American National Bank and Trust Company of Chattanooga, Tennessee, a national bank corporation, and James L. Caldwell, hereinafter called "Trustees."
 
 I.
 
 7
 The Settlor desiring insofar as possible to carry out the intentions of her son, Joseph H. Caldwell, as expressed in a will which he had prepared but had not executed at the date of his death, does hereby irrevocably give, transfer and deliver unto Trustees in trust, as hereinafter provided, the following property:
 
 
 8
 (1) All of her rights in and to the personal property of Joseph H. Caldwell to which she is entitled under the will of Joseph H. Caldwell dated February 25, 1942,
 
 
 9
 (2) The home in which Joseph H. Caldwell lived at the time of his death on Peter Pan Road, Lookout Mountain, Georgia,
 
 
 10
 [There is no II.--CCH.]
 
 III.
 
 11
 During the lifetime of the Settlor or Stanley H. Robertson:
 
 
 12
 (1) My Trustees shall pay to the Settlor, and, after her death to Stanley H. Robertson, so much of the income and corpus of this trust estate as is, in the sole discretion of my Trustees, necessary or desirable for the assistance, comfort, maintenance and support of said persons.
 
 
 13
 (2) My Trustees shall also pay to my stepdaughter, June R. Street, such amount as, in the opinion of my said Trustees, may be necessary or desirable for the comfort, maintenance and support of my said stepdaughter her children not to exceed, however, the sum of two hundred dollars ($200.00) per month.
 
 IV.
 
 14
 After the death of the Settlor, the Trustees shall pay to her executor or administrator a sum sufficient to pay the Federal and State Estate and Inheritance taxes imposed on her estate by reason of the inclusion therein of this trust estate.
 
 V.
 
 15
 After the death of the Settlor and Stanley H. Robertson:
 
 
 16
 (1) During the entire lifetime of James L. Caldwell the income from this trust estate may be distributed to James L. Caldwell or his children or both or may be accumulated,
 
 
 17
 (2) After the death of James L. Caldwell my corporate trustee shall serve alone, and shall divide the income from this trust estate among the children of James L. Caldwell,
 
 
 18
 (3) When the youngest child of James L. Caldwell reaches the age of 35 years, after the death of James L. Caldwell or twenty one (21) years after the death of James L. Caldwell, whichever occurs first, this trust shall terminate and the corpus as it shall then exist shall be equally divided among the children per stirpes.
 
 
 19
 (4) During the administration of this trust my corporate trustee may, when in its judgment an encroachment is necessary or advisable, encroach on the corpus of this trust for the benefit of my son, James L. Caldwell, or for the benefit of any of his children. In making final distribution of corpus, any encroachment previously made shall be disregarded.
 
 
 20
 (5) The corporate trustee shall receive reasonable compensation for its services.
 
 
 21
 Mrs. Robertson lived six years after the creation of the trust. During her lifetime, all of the income from the trust was used for her support and that of her husband Stanley. After she died, the trustees distributed to Stanley so much of the income of the trust as in their opinion was reasonably necessary for his maintenance and support.
 
 
 22
 After Mrs. Robertson died, the trustees also made payments to Mrs. Robertson's four grandchildren, the children of James. In particular, during the tax years 1973 and 1974, substantial distributions of income were claimed as deductions for "amounts properly paid" on the trust tax return. It is these payments which the Internal Revenue Service disallowed.
 
 
 23
 The IRS made a straight forward argument. It argues that under Article III of the trust distribution of trust income and corpus is allowed "during the lifetime of the Settlor or Stanley H. Robertson." However, Article V of the trust provides for distribution of income and corpus "after the death of the Settlor Stanley H. Robertson." Simply stated, the government is arguing that under the express terms of the preamble to Article V, the trustees could not make any distributions to James' children until after Mrs. Robertson and her husband Stanley Robertson died. Under the government view Article III relates to the period of administration of the trust during the lifetimes of the life beneficiaries, Mr. and Mrs. Robertson. Article V relates to the period of administration of the trust after the death of these life beneficiaries. Accordingly, the government argues that under Article V(4) the trust money can only be distributed to James' children during the period of administration of the trust after the death of Mr. and Mrs. Robertson.
 
 
 24
 The district court agreed with the IRS' position.
 
 
 25
 On appeal, plaintiffs argue that the district court did not effectuate the intent of the Settlor. Plaintiffs point out that Article V(4) of the trust allows distribution to James Caldwell's children "during the administration of this trust...." They argue that the district court's interpretations of this language as "during the administration of this trust after the death of the Settlor and Stanley H. Robertson" is unreasonable. They also point out that under Article V(5), the trustee is allowed reasonable compensation for his services. They argue that this provision could not have been limited to a period of time "after the death of the Settlor and Stanley H. Robertson." Finally, the trustees point out that the district court's interpretation of the trust is contrary to a ruling by the Tennessee Chancery Court. After the IRS disallowed the deductions, the trustees filed an action in the Tennessee Chancery Court, seeking authorization and ratification of their actions. The trustees received it. However, this lower court finding is not binding on the IRS or a federal court, and the district court declined to follow it.
 
 
 26
 This case presents a difficult problem for review. Upon consideration, we agree with the district court. While the trustees' arguments are well done, we think that the district court's interpretation of the trust agreement best construes the agreement as a whole.
 
 
 27
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas D. Lambros, sitting by designation